SUSAN M. WINCHESTER (187756)
WINCHESTER LAW GROUP
9107 Wilshire Blvd. Suite 450
Beverly Hills, CA 90210
Tel:  310-461-3591
Fax: 310-388-6080
Email:  sue@winchesterlawgroup.com
Attorney for Defendant American Buddha

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penguin Group (USA) Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>American Buddha,<br><br>    Defendant | Case No.:   CV-13-02075-TUC- JGZ<br><br>RESPONSE OF DEFENDANT AMERICAN BUDDHA IN OPPOSITION TO MOTION FOR LEAVE TO AMEND OF PLAINTIFF PENGUIN GROUP (USA) INC.  [F.R.Civ.P. 15] |

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.   This Court Must Assess The Viability of Penguin's Proposed Second Amended Complaint**

By abandoning its First Amended Complaint ("FAC") during the pendency of a motion attacking its sufficiency, Penguin[1] *de facto* admitted that the FAC was insufficient to withstand defendant's pending Motion for Judgment on the Pleadings,[2] and seeks to make up the deficiencies by way of the proposed amendments.  Penguin's motion is

---

[1] Penguin Group (USA), Inc. ("Penguin).
[2] Docket # 101.

made pursuant to F.R.Civ.P. 15(a), and thus the Court's focus is on the sufficiency of the Proposed Second Amended Complaint ("PSAC").  This Court recited the applicable standard recently in an action granting a plaintiff a second and final opportunity to amend a complaint that was deficient for substantive reasons:

> "Rule 15(a), Fed.R.Civ.P., requires that 'leave shall be freely given when justice so requires.'  Five factors are utilized to assess the propriety of a motion for leave to amend: '(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended the complaint.'"
>
> *Hastings v. BAC Home Loans Servicing*, No. CV 12-0051-TUC-JGZ (February 14, 2013), *quoting Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Defendant's argument first addresses the futility of allowing Penguin a second opportunity to amend its operative pleading.

**B.     Courts Will Not Grant Leave to Amend When the Proposed Amendment Is Legally Insufficient**

> "Courts will not grant leave to amend … when the proposed amendment is legally insufficient and it would be futile to grant leave to amend.  An amendment is futile if it merely restates the same facts as the original complaint in different terms … or could not withstand a motion to dismiss."
>
> 3 *Moore's Fed. Prac. Guide* § 15.15[3], *citing inter alia*, *Roth v. Garcia Marquez*, 942 F.2d 617, 628-629 (9th Cir. 1991) (amendment to allege binding contract would be futile when prior allegations would "vitiate whatever else appellant could bring up in an amended complaint").

Penguin has merely restated the same facts it alleged in the FAC in the PSAC with insignificant additions that cannot save its claim from the statute of limitations.

/ / /

/ / /

/ / /

/ / /

### C. The Action Is Facially Time-Barred, Because The PSAC Still Alleges that Penguin's Claim Accrued in December 2008

A copyright claim accrues only once, on discovery of the alleged infringement.

> "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Bean v. John Wiley & Sons, Inc.*, No. CV 11-08028-PCT-FJM (Arizona, March 29, 2012), *quoting Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).
>
> "[I]f a prudent person would have become suspicious from the knowledge obtained through the initial prudent inquiry and would have investigated further, a plaintiff will be deemed to have knowledge of facts which would have been disclosed in a more extensive investigation."
>
> *Wood v. Santa Barbara Chamber of Commerce,* 507 F.Supp. 1128, 1135 (Nev. 1980), *quoting Briskin v. Ernst & Ernst*, 589 F.2d 1363, 1367 (9th Cir. 1978).

Penguin's claim accrued when it discovered the alleged infringement of the first of the Four Titles [3] in December 2008.  (PSAC ¶¶ 10, 17, 18, and 23.)    Under the facts alleged in the PSAC, the action is facially barred by three year statute of limitations embodied in 17 U.S.C. § 507(b).  *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir. 1994).

### D. Penguin Could Only Make A Viable Amendment If It Alleged A Federal Basis for Tolling Accrual of the Statute of Limitations in 17 U.S.C. § 507(b)

> "Once defendant establishes a statute of limitations defense in a copyright infringement action, the case must be dismissed unless there is reason to toll the applicable statute. *** Absent the existence of a binding tolling agreement, dismissal may be avoided to the extent that plaintiff can demonstrate equitable reasons for tolling the statute. Such defense cannot be based upon a state tolling statute, but must be predicated on an equitable ground recognized under federal law."
>
> 3 *Nimmer on Copyright* 12.05[B][3], pages 12-150.12 - 12-150.12(1).

---

[3] The same Four Titles alleged to be infringed in the FAC are alleged in the PSAC: *The Golden Ass*, *Oil!*, *It Can't Happen Here* and *On the Nature of the Universe*.

Penguin's motion does not identify any equitable tolling doctrines it believes might arise under the facts alleged in the PSAC, most likely because it knows it is suffering from a "self-inflicted injury" for which the three-year limitations period of 17 U.S.C. § 507(b) will not be tolled.  *See, Kregos v. Associated Press*, 795 F.Supp. 1325, 1331 (S.D.N.Y. 1992) (dismissing copyright claims as time-barred where statute ran while plaintiff waited to obtain copyright registration from Copyright Office).

Nevertheless, when considering denying leave to amend under these circumstances, this Court must view the PSAC in the light most favorable to Penguin. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (Arizona 2003), quoting *Miller v. Rykoff-sexton, Inc.*, 845 F.2d, 209, 214 (9th Cir.

### E. Penguin's PSAC Proposes Futile Amendments That Will Not Cure the Statute of Limitations Problem Apparent from the Face of the FAC and the PSAC

Most of the facts the PSAC alleges are not at all new, and none of them provide any basis for tolling the statute of limitation.  Accordingly, this Court may deny leave to amend.  "We have held that a district court does not 'abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

### 1. The Addition of the Word "Continuing" Adds No New Fact, and Could Not Toll the Statute of Limitations, Because The Ninth Circuit Rejected the Seventh Circuit's Minority Rule in *Roley v. New World Pictures*

The PSAC differs from the FAC by the addition of the word "continuing" in six locations.  (PSAC ¶¶ 12, 18, 21, 26, 28 and 37.)   This is not a new fact.  The FAC alleged that "American Buddha's acts  … will continue…."  (FAC ¶ 29.)  Thus,

Penguin's insertion of the adjective "continuing" as a modifier for "infringement" adds nothing new to the allegations.  More importantly, and entirely dispositive of the issue before the Court, is the fact that the Ninth Circuit does not recognize any federal copyright doctrine of "continuing infringement" as a basis for statutory tolling, or delayed accrual, which is why Penguin has not cited any such authority.

*Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir. 1994) specifically rejected the argument that Penguin argues the Ninth Circuit adopted.  The Ninth Circuit explained that the Roley plaintiff could not have what he desired – a "rolling statute of limitations" to keep his claim fresh forever:

> "There is no dispute that Roley's infringement claims accrued [in August 1987].  Even so, Roley applies the 'rolling statute of limitations' theory. He argues that so long as any infringing conduct occurs within the three years preceding the filing of the action, the plaintiff may reach back and sue for damages or other relief for all allegedly infringing acts."
>
> *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir. 1994) (emphasis added).

The Ninth Circuit declined to follow out-of-circuit precedent cited by Roley, *i.e.*, *Taylor v. Meirick*, 712 F.2d 1112, 1118-19 (7th Cir. 1983) (accrual happens when "the last infringing act" of the defendant occurs).  In a 2005 decision, a Massachusetts District Judge determined that, in *Roley v. New World Pictures,* the Ninth Circuit "rejected the continuing infringement theory of accrual:

> "The 'continuing infringement' theory was adopted by the Seventh Circuit in *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983). In that case, the court of appeals held that the plaintiff could seek damages for acts of infringement that occurred more than three years before he filed suit because the defendant's infringement was a 'continuing wrong.' *Id.* at 1119. The court reasoned that the initial copying was simply the first step in a course of wrongful conduct, and since the final infringing act occurred within the statutory limitations period, the plaintiff could reach back and get damages for the entire duration of the alleged violation. *Id.*
> The First Circuit has not directly addressed this issue, but ***other courts of***

*appeals that have considered the continuing infringement theory in a copyright infringement case have rejected it.* I find these decisions persuasive."

*Greenberg v. Town of Falmouth,* Civ. No. 04-11934-GAO (Mass. March 15, 2013) (emphasis added), *citing Bridgeport Music, Inc. v. Diamond Time, Ltd.,* 371 F.3d 883, 890-91 (6th Cir. 2004); *Hotaling v. Church of Jesus Christ of Latter-Day Saints,* 118 F.3d 199, 202 (4th Cir. 1997); *Makedwde Publ'g Co. v. Johnson,* 37 F.3d 180, 182 (5th Cir. 1994); ***Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994)***; *Stone v. Williams,* 970 F.2d 1043, 1049-50 (2d Cir. 1992).

Although Penguin argues that defendant has somehow turned *Roley* on its head, *Polar Bear Productions, Inc. v. Timex Corp.,* 384 F.3d 700 (9th Cir. 2004) makes it clear that it is Penguin that is attempting to distort *Roley's* holding. The parallel between the Roley plaintiff and Penguin is perfect. Like Penguin, "Roley ... argued that [his claim was still viable] because the infringement was continuous — that is, there was an instance of at least one infringement within the three-year window. [Citations] ***We rejected this theory*** …." *Polar Bear Productions, Inc. v. Timex Corp.,* 384 F.3d at 706 (emphasis added). "***Because Roley was aware of the earlier infringement*** prior to the three-year limit for filing suit, ***those claims accrued outside the time allowed***, and ***he was therefore prohibited from recovering damages for the earlier claims***."[4] *Polar Bear Productions, Inc. v. Timex Corp.,* 384 F.3d at 706 (emphasis added). Accordingly, it is clear that for this Court, *Roley* and *Polar Bear* are binding precedent, and provide the rule of decision for the case.[5] In this case, the date of accrual was in December 2008 and the action was filed March 22, 2013. Accordingly, Penguin "cannot reach back beyond the three-year limit," *i.e.,* any farther back than March 22, 2010, and sue for damages or other

---

[4] The opinion's reference to "the earlier claims" being time-barred is a bit confusing, because *all* of the *Roley* plaintiff's claims were time-barred.

[5] Of late it seems, even the Seventh Circuit has trimmed its sails, restricting the application of the "continuing injury" doctrine to situations where "plaintiff's cause of action does not accrue until a series of wrongful acts blossoms into an injury on which suit can be brought." *Peterson v. Harley-Davidson, Inc.,* No. 12-CV-00381, 2012 WL 3113184, at *2 (E.D.Wis. July 31, 2012) (Adelman, J.) (further citations omitted).

relief "for infringing acts that [it] knew about at the time...." *Polar Bear, at id.*

### 2. The Other Proposed Amendments to the PSAC Do Not Provide Grounds for Tolling the Statute of Limitations, and Would Be Futile

Penguin's two other proposed amendments provide no additional facts that would serve to toll the statute of limitations. These are: (a) allegations regarding the websites being down for some months during the pendency of the action, and (b) allegations naming the naderlibrary.com website. Neither provides any basis to toll the statute of limitations.

The allegation that the websites were down for some months, in paragraphs 27 – 29 of the PSAC, does not provide any basis for tolling. Even a defendant's concealment of an infringing work will not toll the statute if the plaintiff is aware of facts that put him on notice that infringement is still happening. *Fahmy v. Jay-Z*, 835 F.Supp.2d 783, 791 (C.D. Cal. 2011). The temporary unavailability of the Four Titles on defendant's website is a non-event from the point of view of the statute of limitations. Accordingly, the proposed amendments to add paragraphs 27 – 29 would be futile, and should be denied.

The allegation at paragraphs 9, 10, 14, and 23 of the PSAC, naming NaderLibrary.com as a place where the Four Titles were being infringed, cannot expand the scope of Penguin's claim, because Penguin has known about the presence of the Four Titles on NaderLibrary.com since long before it filed this complaint in March 22, 2013:

> "On February 16, 2009 I downloaded from the Naderlibrary.com website complete copies of four literary works in which Penguin owns exclusive publishing rights: (1) the E. J. Kenney translation of *The Golden Ass* by Apuleius; (2) *Oil!* by Upton Sinclair; (3) *It Can't Happen Here* by Sinclair Lewis; and (4) the R. E. Latham translation of *On the Nature of the Universe* by Lucretius...."
> Declaration of Thomas Kjellberg, ¶ 8 (Exhibit 4, page 2; the "Kjellberg Declaration").[6]

---

[6] Pursuant to F.R.E. 201(c)(2), defendant respectfully requests judicial notice of the Kjellberg Declaration, appearing on the docket as Exhibit 4 to Request for Judicial Notice of Documents in Support of Motion for Judgment on the Pleadings. (Docket # 101-2.)

Accordingly, Penguin's claim for the infringement of the Four Titles on NaderLibrary.com accrued at the same time, and is encompassed within the claim for the infringement of the Four Titles on defendant's American-Buddha.com website, *i.e.*, in December 2008. Thus, the amendments to add references to NaderLibrary.com to the four paragraphs listed above would be futile, and should be denied.

### F. Penguin's Proposed Amendments Are Not Made in Good Faith

The PSAC will not improve Penguin's position with respect to the statute of limitations problem that bars its claim, therefore "bad faith … can be inferred [because the proposed] amended complaint would have provided [plaintiff] with no practical benefits: it would not have expanded upon the issues and claims already present…." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir., 1983). Seeking leave to amend while a dispositive motion is pending is also evidence of a bad faith attempt to stave off dismissal. *See, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 138 (5th Cir., 1993) (affirming District Court's refusal to allow amendment to allege negligent mislabeling after defendant had filed a motion for summary that disposed of all other theories of liability). The long delay in filing the proposed amendments in this action that has been pending for fourteen months also shows that Penguin has sought to defer the revelation of the insufficiency of its claim until the last possible moment, and provides additional evidence of bad faith. Thus, the elements of futility, bad faith and undue delay, warranting denial of leave to amend, are all present here.

### G. Conclusion

A respected authority on the federal courts has observed: "Courts today are having difficulty giving litigants one day in court. To allow that litigant a second day in court is a luxury that cannot be afforded." Wright, *Law of Federal Courts* § 100A (5th Ed. 1194). Penguin has had its day in court. This Court should not bestow on Penguin

the luxury of further litigating the non-existent merits of an expired claim.  Accordingly, the Court is respectfully requested to deny Penguin's motion for leave to file its Proposed Second Amended Complaint.

DATED: May 12, 2014                /s/Susan M. Winchester
                                   Susan M. Winchester
                                   Winchester Law Group
                                   Attorney for Defendant
                                   American Buddha