Duane A. Bosworth, OSB #825077
Tim Cunningham, OSB #100906
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Facsimile:  (503) 778-5299
duanebosworth@dwt.com
timcunningham@dwt.com
Telephone:  (503) 241-2300

    Attorneys for Plaintiff
    *Pro Hac Vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penguin Group (USA) Incorporated,<br><br>                          Plaintiff,<br><br>   v.<br><br>American Buddha,<br><br>                         Defendant. | Case No. CV-13-02075-TUC-JGZ<br><br>**Reply in Support of Motion for Leave to File Second Amended Complaint** |

### I.    INTRODUCTION

       Plaintiff alleges that defendant continues to infringe plaintiff's unquestioned copyright in four works by publishing those works in their entirety on defendant's two websites.  Despite overwhelming controlling authority to the contrary, defendant insists that plaintiff's original action, and the amended complaint at issue, are time-barred and therefore amendment is futile.  Defendant advances the unsupported theory that under 17 U.S.C. § 507(b) all infringement claims are barred in perpetuity unless a plaintiff has filed its action within three years of the *first* infringement.  In order to put forth this position, defendant is required to misstate decisions cited, and indeed, with all due respect, to attempt to mislead through elision, insertion and avoidance.

1

1       The position defendant asserts is contradicted by every decision regarding the
2  application of § 507(b) since *Roley v. New World Pictures*, 19 F.3d 479 (9th Cir. 1994).
3  That this is so is confirmed by the United States Supreme Court, which this week stated
4  that the correct rule, diametrically opposed to defendant's unsupported theory, is in fact
5  "widely recognized."  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, ---S. Ct. ----, No. 12-1315,
6  2014 WL 2011574 at *6 (May 19, 2014).[1]  Indeed, the Supreme Court cites the *identical*
7  treatise statement that plaintiff has previously provided to defendant:  "If infringement
8  occurred within three years prior to filing, the action will not be barred even if prior
9  infringements by the same party as to the same work are barred because they occurred
10 more than three years previously."  *Id.*, quoting 3 M. Nimmer & D. Nimmer, Copyright §
11 12.05[B][1][b], p. 12-150.4 (2013) (which quote was provided, *verbatim*, in plaintiff's
12 response.  Docket #105 at 3.)
13      Defendant does not remotely attempt to make a "nonfrivolous argument for
14 extending, modifying, or reversing existing law or for establishing new law," consonant
15 with the plain requirements of Fed. R. Civ. P. 11(b)(2).  Instead, defendant wholly
16 *ignores* the Nimmer conclusion and myriad decisions which, respectfully, are unanimous
17 and uncontradicted.  Defendant does not *argue* about the widely recognized rule; it
18 simply ignores the plain statements of it.  And with all due respect, the information
19 defendant provides this Court regarding *Roley*, *supra*, and *Polar Bear Productions, Inc.*
20 *v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), depend on ignoring or eliding significant
21 portions of those decisions.[2]

---

[1] All nine justices agreed that the copyright statute of limitations rule, which the Court calls the "separate-accrual rule," is easily understood and widely recognized.  In dissent about a different issue, laches, Justice Breyer easily and succinctly describes the widely-recognized rule that defendant insists *no* case stands for:  "[I]f the plaintiff waits from, say, 1980 until 2001 to bring suit, she cannot recover profits for the 1980 to 1998 period.  But she can recover the defendant's profits from 1998 to 2001…."  *Id.* at 17.

[2] In putting forth its unsupported mischaracterization of the holding in *Roley*, for example, defendant also simply ignores the statement in Nimmer, and numerous cases cited thereunder, to which it has been directed, that:  "Plainly [*Roley*] rejects … that if suit is filed on June 21, 1998, based on continuous infringement that took place from June 1985 to May 1998, then the entire suit is barred for not having been brought within three years of a putative one-time accrual in 1985."  Nimmer, *id.* (emphasis added).

2

Plaintiff asks this Court to reject defendant's attempt to obscure the widely recognized rule regarding the copyright statute of limitations, an obscuring defendant wrongly uses to argue futility. Plaintiff asks the Court to grant plaintiff's motion to amend.

## II.    ARGUMENT

### A.    Plaintiff's proposed amendment is not futile.

The vast majority of defendant's opposition, Dkt. #111, is dedicated to the argument that plaintiff's claims are in all events untimely and amendment is futile. Plaintiff's proposed Second Amended Complaint alleges that defendant's infringement continues, virtually unabated,[3] to this day. Defendant in fact acknowledges that the original Complaint, the First Amended Complaint, and the proposed Second Amended Complaint *each* expressly allege *continuing* infringement. Opposition, Dkt. #111 at 4-5. Despite this acknowledgment and despite the Ninth Circuit's statement that "[i]n cases of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding filing of the suit," *Roley*, 19 F.3d at 481, defendant maintains that plaintiff's suit is time-barred and amendment is futile because plaintiff first became aware of infringement in 2008 and 2009, more than three years before filing. According to defendant, because of this awareness, plaintiff had only until 2011 or 2012 to bring its claims, regardless of the undisputed infringement that occurred *within* three years before filing. Under defendant's theory, having "missed" filing within three years of the *first* infringement, defendant may now continue to infringe plaintiff's copyrighted works in perpetuity, without fear of claims against it. This is simply not the law.

Defendant's position is premised in the unsupported argument that plaintiff's

---

Defendant does not make *any* argument to the contrary; it simply ignores this conclusion and the uncontradicted cases supporting it.

[3] As described in the proposed Second Amended Complaint, there was a period of time when plaintiff's copyrighted works were inaccessible on defendant's websites, followed by a time when the works were copied, reproduced and published in a new, distinct format, further followed by a re-publication of the original format.

1  claim accrued "only once." Opposition, Dkt. #111 at 3. *Id.* at 4-5. Plaintiff has
2  expressly alleged that defendant's "infringement of Penguin's copyrighted Works is
3  continuing." Proposed Second Amended Complaint, Dkt. #108-1 at 6. Plaintiff has also
4  pointed to infringement that occurred within the three year period before plaintiff's
5  complaint in this matter. Dkt. #105 at 3, n. 2. Plaintiff does not need to show that the
6  statute of limitations should be "tolled" or that accrual was "delayed." Neither is
7  relevant. Plaintiff sues for infringement of its works that occurred within the three years
8  prior to filing. 17 U.S.C. § 507(b). As the Supreme Court makes abundantly clear in
9  *Petrella*, *supra*:

> It is widely recognized that the separate-accrual rule attends the copyright statute of limitations. Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete "claim" that "accrue[s]" at the time the wrong occurs. In short, each infringing act starts a new limitations period ….

No. 12-1315, 2014 WL 2011574 at *6 (May 19, 2014) (citing, among other authorities, *Roley*).

Defendant's description of the Ninth Circuit's holding in *Roley* is in all events misleading. The holding of *Roley* is not disputed elsewhere, and in fact defendant does not *dispute* the actual holding but instead ignores it by picking out only some parts of the decision and ignoring others. *Roley* held that copyright plaintiffs may recover only for infringements that occurred within the three years prior to the filing of suit. Under that holding, which applies to claims for damages, not at issue here in any event, damages are unavailable for infringement that occurred more than three years before filing. Any infringement occurring *within* the three years prior to suit, however, is actionable. These propositions were unambiguous in *Roley* and have long been "widely recognized," as the Supreme Court states.

Defendant, however, claims that *Roley* "specifically rejected the argument that Penguin argues the Ninth Circuit adopted." Opposition, Dkt. #111 at 5. Defendant

4

1  explains how *Roley* rejected the "rolling statute of limitations" theory adopted in the
2  Seventh Circuit. That is true. That theory held that if *any* infringement occurred *within*
3  three years, a claimant could go back *more* than three years to claim damages. But
4  plaintiff has never contended that it may sue for damages for acts more than three years
5  before filing. Indeed, plaintiff is not suing for damages. Plaintiff is in no event time-
6  barred from suing for injunction barring any future infringement where there has been
7  recent and continuing infringement.

8  With all due respect, defendant misleads the court in its quoting of *Polar Bear*.
9  Defendant states that "[t]he parallel between the Roley plaintiff and Penguin is perfect.
10 Like Penguin, 'Roley … argued that [his claim was still viable] because the infringement
11 was continuous—that is, there was an instance of at least one infringement within the
12 three year window. [Citations] **We rejected this theory ….**'" Opposition, Dkt. #111 at 6
13 (quoting *Polar Bear*, 384 F.3d at 706) (emphasis in Opposition). Defendant's
14 modification of the *actual* quotation transforms the meaning. What *Polar Bear* actually
15 said was:

> Roley, a screen writer, argued *that he was entitled to recover damages for infringement that occurred before the three-year period prior to filing suit* because the infringement was continuous — that is, there was an instance of at least one infringement within the three-year window. *Id*. at 480-81. We rejected this theory, *reasoning that "in a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of suit." Id*. at 481.

21 *Polar Bear*, 384 F.3d at 706 (emphasis supplied). Defendant transformed the court's
22 statement that "[plaintiff] was entitled to recover damages for infringement that occurred
23 before the three year period prior to filing suit" into "[his claim was still viable]." But the
24 statements are importantly different. The *Polar Bear* court correctly characterized Mr.
25 Roley as arguing that he could additionally obtain damages regarding all infringements
26 *outside* of the statute of limitations because he brought suit regarding some infringement
27 that occurred *within* the three-year statute of limitations. As *Polar Bear* makes clear,
28 *Roley* rejected *that* argument, but also held that in fact "an action may be brought for all

5

1  acts that accrued *within* three years preceding the filing of suit." *Polar Bear*, 384 F.3d at
2  706 (emphasis added).  Defendant does not provide the Court with that statement.
3  Instead, defendant changes the quotation to state that even where conduct occurred *within*
4  the statutory period, no claim is viable if infringement began *outside* of the statutory
5  period.  This change is an attempt to mislead; it is not a Rule 11 argument for extension,
6  reversal or change.

7        Defendant's mischaracterization of *Roley* and *Polar Bear* continues.  Defendant
8  further quotes *Polar Bear* as stating that "Because Roley was aware of the earlier
9  infringement prior to three-year limit for filing suit, those claims accrued outside the time
10 allowed, and he was therefore prohibited from recovering damages for the earlier
11 claims." Opposition, Dkt. #111 at 6.  In an accompanying footnote, defendant argues that
12 "[t]he opinion's reference to 'the earlier claims' being time-barred is a bit confusing
13 because *all* of the *Roley* plaintiff's claims were time-barred." *Id.* at n. 4 (emphasis in
14 original). That statement is simply unsupported. *Id*. at n. 4.  *Roley* held that claims
15 outside the three-year statute were barred and, differently, that on summary judgment
16 *Roley* had not provided *evidence* of infringement within the previous three years.  There
17 is no good faith reason for defendant to tell this Court that all claims were "time barred."
18       That plaintiff may sue for damages for infringement within the statutory period,
19 even if some infringement is outside of the statute of limitations, has been confirmed
20 repeatedly in the Ninth Circuit, including recently in *Seven Arts Filmed Entertainment*
21 *Ltd. v. Content Media Corp.,* 733 F.3d 1251, 1254 & n. 4 (9th Cir. 2013) ("each new
22 infringing act causes a new claim to accrue; thus, we have held that 'an action may be
23 brought for all acts that accrued within the three years preceding the filing of the suit.'")
24 (quoting *Roley*).  In *Kourtis v. Cameron,* 419 F.3d 989, 999-1000 (9th Cir. 2005),
25 abrogated on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008), the court
26 acknowledged that while some of plaintiff's claims fell outside of the statute of
27 limitations, "the complaint also alleges several acts of continuing infringement."
28 Accordingly, the court declined to grant defendant's motion to dismiss. *See id*.

6

1  Similarly, in *Goldberg v. Cameron*, No. C-05-03534 RMW, 2009 WL 2051370 at *3
2  (N.D. Cal. July 10, 2009), the court held that in the face of defendant's motion for
3  summary judgment, plaintiff "must show a triable issue of fact as to whether [defendants]
4  committed any infringing acts within the three years preceding [plaintiff's] filing of the
5  suit." *Id.* Even where *some* infringements occurred outside of the statutory period,
6  plaintiff may sue for damages based on acts *within* that period.  And again, plaintiff is not
7  in any event suing for damages.

8  Defendant has never disputed that it continues to publish plaintiff's copyrighted
9  works on its two websites.  In fact, defendant acknowledges that plaintiff has consistently
10 alleged continuing infringement, *i.e.* that defendant continues to publish plaintiff's
11 copyrighted works.  Despite the clear rule of *Roley*, which *Petrella* says is widely
12 recognized, defendant insists that there was a single, "one-time" accrual of plaintiff's
13 claim and the present claim is futile.  Defendant's position must be that it is free to post
14 in perpetuity copies of plaintiff's works on its websites without plaintiff's accruing any
15 claim.  Defendant's position is contrary to widely recognized law.  Plaintiff alleges that
16 defendant has infringed its copyrights *within the statutory period*.  Even if plaintiff were
17 suing for damages, plaintiff's claims would be timely.  There is no sense in which
18 plaintiff's seeking injunctive relief arising out of recent infringement is time-barred.
19 Plaintiff's motion to amend is not futile.

20 **B.     Plaintiff's proposed amendment is timely and offered in good faith.**
21 Defendant's only other arguments in opposition are that plaintiff's proposed
22 amendment is untimely and made in bad faith. Opposition, Dkt. #111 at 8.  Arguing that
23 plaintiff has delayed in filing its motion, defendant wholly ignores the fact that plaintiff's
24 motion to amend was filed within the time set in this court's scheduling order, making it
25 *per se* timely.  *Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL
26 1191227 at *5 (D. Ariz. March 22, 2013).

27 Defendant's invocation of bad faith also fails.  Defendant appears to pin plaintiff's
28 alleged bad faith on two arguments:  first, that plaintiff's proposed amendment provides

7

1   plaintiff with no practical benefits, thus bad faith can be assumed, and second, that
2   plaintiff's proposed amendment was an attempt to evade a pending dispositive motion.
3   Opposition, Dkt. #111 at 8.  Neither argument has merit.
4         The proposed amendment has significant practical benefit.[4]  In addition to further
5   confirming the continuing nature of defendant's infringement, the proposed amendment
6   removes both plaintiff's claim for damages and for a preliminary injunction.  These
7   amendments will allow the litigation to proceed more quickly and will narrow the issues
8   at trial.[5]  Plaintiff simply wants to reach the merits of this matter and the clarifying
9   amendment will enable that more quickly and efficiently.
10        Second, plaintiff's proposed amendment was not submitted in *response* to
11  plaintiff's Motion for Judgment on the Pleadings.  As plaintiff argued in its opposition to
12  that motion, Dkt. #105 at 5, plaintiff's existing complaint is fully sufficient to survive
13  defendant's motion.  In fact defendant concedes that plaintiff has *always* alleged
14  continuing infringement which, with the correct application of the separate accrual rule as
15  described in *Roley* and its myriad progeny, defeats both defendant's Motion for Judgment
16  on the Pleadings and defendant's opposition to the present amendment.  Plaintiff's
17  proposed amendment was not offered in an attempt to stave off defendant's motion, but
18  to clarify, simplify, and frankly in this particular litigation to make crystalline the issues
19  in the case.  Plaintiff also filed when it did because the deadline set by the court for
20  amendment had arrived.  Plaintiff's compliance with a scheduling order is not evidence
21  of plaintiff's bad faith.[6]

---

[4] Defendant's invocation of *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir. 1983), is unavailing.  In that case, the Ninth Circuit upheld an order denying a motion to amend that was submitted *on the day that a motion to dismiss was being heard*, and when the amendment, even if granted, would have been duplicative of "claims already present in a parallel, pending action," a description elided by defendant.  *Id.*  Here, there are no parallel, pending claims, Joint Report, Dkt. #102 at 8.

[5] Plaintiff's proposed Second Amended Complaint adds additional factual information as well, describing a new, discrete infringement that clearly occurred within the statutory period, indeed within the period of this litigation.

[6] Defendant's invocation of *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 138 (5th Cir. 1993), is puzzling.  In that case, the Fifth Circuit affirmed denial of a motion to amend that was

### C. Because there is no prejudice, plaintiff should be granted leave to amend.

Absent from defendant's opposition is any response to plaintiff's argument that amendment will not prejudice defendant. Dkt. #109 at 4-5. As described in plaintiff's memorandum in support of its motion to amend, the dominant factor courts in the Ninth Circuit consider under Rule 15 is whether the proposed amendment would prejudice the defendant. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Defendant makes no argument in this regard. Plaintiff asks the Court to grant its motion for leave to amend.

### III. CONCLUSION

Defendant cites Wright, *Law of Federal Courts* § 100A (5th Ed. 1994) for the proposition that "Penguin has had its day in court" and amendment should not be allowed. Actually, the cited section concerns res judicata, the effect of a prior judgment. That is a far cry from amendment of a complaint where defendant claims no prejudice. Plaintiff would, in fact, like to actually have its day in court, to reach and have decided the merits of the issues in this matter. Fed. R. Civ. P. 1 states that the federal rules of civil procedure are intended "to secure the just, speedy and inexpensive determination of every action and proceeding." Plaintiff asks the Court to grant its motion to amend, which is intended to make clear beyond any future debate the issues in this matter, which issues can then be reached and decided by this Court.

---

submitted in response to summary judgment and introduced an entirely new theory of liability into the case, essentially asking the court to address alternative theories seriatim. Here, defendant argues that plaintiff's proposed amendment does not provide any practical benefit or expand on the issues and claims already present. If *that* is the case, then it seems impossible to run afoul of the rule in *Wimm*. Framed otherwise, defendant can hardly complain that plaintiff's proposed amendment adds nothing, and then complain that the proposed amendment is submitted to introduce a new theory in order to avoid dismissal.

9

1     DATED this 22nd day of May, 2014.

2                                 DAVIS WRIGHT TREMAINE LLP

3

4                         By:  s/ Duane A. Bosworth
                                 Duane A. Bosworth, OSB #825077
                                 Tim Cunningham, OSB #100906

5                                  Of Attorneys for Plaintiff *Pro Hac Vice*

6                             **CERTIFICATE OF SERVICE**

7     I hereby certify that on the 22nd day of May, 2014, I electronically transmitted the

8 foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the

9 following CM/ECF registrants:

10     Susan M. Winchester

11     John Sullivan

12                                     s/ Duane A. Bosworth

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28