1   Duane A. Bosworth, OSB #825077
    Tim Cunningham, OSB #100906
2   DAVIS WRIGHT TREMAINE LLP
    1300 S.W. Fifth Avenue, Suite 2400
3   Portland, Oregon  97201-5610
    Facsimile:  (503) 778-5299
4   duanebosworth@dwt.com
    timcunningham@dwt.com
5   Telephone:  (503) 241-2300

6       Attorneys for Plaintiff
        *Pro Hac Vice*

7

8

9

10

11              IN THE UNITED STATES DISTRICT COURT

12                 FOR THE DISTRICT OF ARIZONA

13   Penguin Group (USA) Incorporated,

14                      Plaintiff,          Case No. CV-13-02075-TUC-JGZ

15       v.                                 **Response to Ex Parte Application**

16   American Buddha,

17                      Defendant.

18

19          The central premise in defendant's filing of a motion concerning discovery is the

20   assertion that "Penguin's position regarding this application is not clear."  Dkt. #120 at 2.

21   First, that assertion is at odds with the facts.  Second, that assertion is at odds with this

22   Court's requirements, stated in Local Rule 7.2(j) and emphasized again in the Court's

23   April 9, 2014 order:

24              In the event of a dispute over discovery matters,
            counsel are cautioned to first engage in personal consultation
25          regarding the dispute and to make a sincere effort to resolve
            the conflict.  *See* Local Rule 7.2(j).  Counsel should act to
26          resolve discovery disputes quickly.  If such efforts fail,
            Counsel should then jointly call the Judge's law clerk to
27          arrange a schedule for resolving the dispute expeditiously.

28   Dkt. #104 at 2.  That did not happen.  Moreover, with all due respect, there were not

                                        1

1  "sincere efforts" to resolve this matter.

2      At no time did plaintiff ever refuse to grant a requested extension.  The parties

3  began a good faith discussion about what discovery *could* be timely produced.  At one

4  juncture, defense counsel stated that the concern was that Mr. Carreon needed more time

5  to *organize documents*.  That was absolutely fine with plaintiff.  That was the *only*

6  concern counsel raised and it was addressed and agreed to.  What subsequently arose was

7  that that was not acceptable to Mr. Carreon.

8      In response to plaintiff's early letter describing issues and certainly *not* refusing an

9  extension, defense counsel next responded in pertinent part, in an email six hours later,

10 that "Accordingly, having concluded my efforts to resolve this matter by stipulation,

11 American Buddha will move for 30 days extension of time on all pending discovery."  As

12 it turns out, that was defendant's last word.  Within *one* minute, however, at 4:53 p.m.,

13 plaintiff's counsel responded that based on previous communication there was no need

14 for such a motion, attempting to confirm plaintiff's stipulation to the requested extension:

15     John:

16         I believe I have stated that there is no need for a motion
17 if you need the time.   Thank you.

    Duane

18 Defendant made no response of any kind.  Defendant now states in support of its present

19 motion "it was hard to discern" the meaning of that email.  Dkt. #120 at 5.  Assuming

20 that were true, that defendant in fact *had* a question as defendant now states, and in light

21 of the Court's requirement that the parties make a "sincere effort" to resolve all

22 differences, there is no explanation for the complete lack of response again to plaintiff's

23 second email, only *nine* minutes later, (1) again attempting to state agreement to an

24 extension; (2) clearly not refusing agreement; and (3) urging defense counsel in any event

25 to call if there were any question, providing a direct dial number:

26     John:

27

28         If you have any continuing question about plaintiff's
position-- which is that if you the lawyer needs more time or

2

1

> if the client needs time, plaintiff agrees to 20 days as
> requested-- please call me.   It is almost 5 but I will be here in
> the office until at least 7 pm and probably later.

2

> Duane

3

> 503 778-5224

4

Nor is there any explanation for a lack of response still to plaintiff's counsel's *third* email

5

at 8:33 p.m.:

6

> John:

7

> I am still in the office working if you have any question
> about plaintiff's position regarding stipulating.  The number
> is below.

8

9

> Duane

10

Counsel having previously declared that he had "concluded my efforts to resolve this

11

matter by stipulation," defendant proceeded to file the present motion still later that

12

evening.

13

For the record, plaintiff does *not* oppose even the present motion for extension of

14

time, although it differs both in scope and in time from any request ever made to plaintiff.

15

Plaintiff does take significant exception to defendant's descriptions of the

16

communications between the parties.[1]  It is sufficient here to state only that plaintiff

17

strenuously disagrees with that description.

18

Respectfully submitted this 18th day of July, 2014.

19

DAVIS WRIGHT TREMAINE LLP

20

21

By:  s/ Duane A. Bosworth

22

Duane A. Bosworth, OSB #825077
Tim Cunningham, OSB #100906
Of Attorneys for Plaintiff *Pro Hac Vice*

23

24

25

---

[1] As just one example, defendant tells the Court that plaintiff did not respond to its
request for an extension of time for "three days."  What that doesn't tell the Court is that
defendant first raised the issue of an extension in an email last Friday, July 11, at 3:50 in
the afternoon, when plaintiff's counsel had left the office shortly before and was then
travelling, and that plaintiff's counsel *called* defendant's counsel to discuss this on
Monday *morning*, July 14, 2014.

26

27

28

3

## <u>CERTIFICATE OF SERVICE</u>

1

2        I hereby certify that on the 18th day of July, 2014, I electronically transmitted the
foregoing document and any attachments to the U.S. District Court Clerk's Office using

3   the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the
following CM/ECF registrants.  .

4

5          John Sullivan
       Attorney at Law

6          10857 Kling Street
       North Hollywood, CA 91602

7

8                 s/ Duane A. Bosworth

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4