JOHN W. SULLIVAN (CSB # 204648)
Attorney at Law
10857 Kling Street
North Hollywood, CA 91602
Tel: 818-769-7236
Fax: 818-301-2175
Email: sullivan.john84@gmail.com
Attorney *pro hac vice* for
Defendant American Buddha

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **PENGUIN GROUP (USA) INC.,** | Case No.:   CV-13-02075-TUC- JGZ |
| **Plaintiff,** | ANSWER OF DEFENDANT AMERICAN BUDDHA TO SECOND AMENDED COMPLAINT |
| vs. | JURY DEMAND |
| **AMERICAN BUDDHA,** | |
| **Defendant** | |

Answering the Second Amended Complaint of Plaintiff Penguin Group (USA) Inc. ("Plaintiff"), Defendant American Buddha ("Defendant") admits, denies, and alleges as follows:

1.     Defendant admits that Penguin seeks injunctive relief and damages, and denies the balance of the allegations alleged in paragraph 1.

2.     Defendant admits the matters alleged in paragraph 2.

3.     Defendant admits the matters alleged in paragraph 3.

4.     Defendant admits the matters alleged in paragraph 4.

5.     Defendant admits the matters alleged in paragraph 5.

6.	Defendant denies the matters alleged in paragraph 6.

7.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 7, and on that basis denies the same.

8.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 8, and on that basis denies the same.

9.	Defendant denies the matters alleged in paragraph 9.

10.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 10, and on that basis denies the same.

11.	Defendant admits that Plaintiff's attorneys contacted Defendant's attorney regarding matters alleged in this action, and exchanged written communications in which legal assertions were made by attorneys for both parties, and denies the balance of the matters alleged in paragraph 11.

12.	Defendant denies the matters alleged in paragraph 12.

13.	Defendant denies the matters alleged in paragraph 13.

14.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 14, and on that basis denies the same.

15.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 15, and on that basis denies the same.

16.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 16, and on that basis denies the same.

17.	Defendant denies the matters alleged in paragraph 17.

18.	Defendant denies the matters alleged in paragraph 18.

19.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 19, and on that basis denies the same.

20.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 20, and on that basis denies the same.

21.	Defendant denies the matters alleged in paragraph 21.

22. Defendant denies the matters alleged in paragraph 22.

23. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 23, and on that basis denies the same.

24. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 24, and on that basis denies the same.

25. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 20, and on that basis denies the same.

26. Defendant denies the allegations of paragraph 26.

27. Defendant admits that the Websites have been inaccessible during 2013 and 2014, and lacks information or belief regarding what appeared at the URLs of the Websites while the Websites were inaccessible, and on that basis denies the same.

28. Defendant admits that the American-Buddha.com Website has a URL at bookmobile.american-buddha.com. Defendant denies that it has ever published the Works, or that the use of HTML code to record text on a website constitutes "publication" within the meaning of this action and the relevant statutes, and further denies the balance of the allegations of paragraph 28.

29. Defendant denies the entirety of paragraph 29.

30. Defendant admits that the District Court in the Southern District dismissed the action for lack of personal jurisdiction. As to the balance of the allegations of paragraph 30, responds that the matters alleged in paragraph 30 are interpretations of law not susceptible of admission or denial, proof or disproof, and on that basis denies the same.

31. Defendant admits that Plaintiff appealed the dismissal by the District Court. As to the balance of the allegations of paragraph 31, defendant responds that the matters alleged in paragraph 31 are interpretations of law not susceptible of admission or denial, proof or disproof, and on that basis denies the same.

32. Defendant admits that the Second Circuit panel reversed the District Court's judgment of dismissal and remanded for further proceedings in District Court. As to the

balance of the allegations of paragraph 32, defendant responds that the matters alleged in paragraph 32 are interpretations of law not susceptible of admission or denial, proof or disproof, and on that basis denies the same.

33.	Defendant admits that the District Court in the Southern District dismissed the action for lack of personal jurisdiction a second time on March 7, 2013. As to the balance of the allegations of paragraph 33, defendant responds that the matters alleged in paragraph 33 are interpretations of law not susceptible of admission or denial, proof or disproof, and on that basis denies the same.

34.	Defendant repeats and realleges each admission, denial, and partial denial previously made herein as if set forth in full hereat.

35.	Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 35, and on that basis denies the same.

36.	Defendant denies the allegations of paragraph 36.

37.	Defendant denies the allegations of paragraph 37.

38.	Defendant denies the allegations of paragraph 38.

39.	Defendant denies the allegations of paragraph 39.

40.	Defendant denies the allegations of paragraph 40.

41.	Defendant denies the allegations of paragraph 41.

42.	Defendant denies the allegations of paragraph 42.

### AFFIRMATIVE DEFENSES

1.	As and for a First Affirmative Defense, Defendant pleads that the three-year statute of limitations under 17 U.S.C. § 507 has run; wherefore, Plaintiff's claims are time-barred.

2.	As and for a Second Affirmative Defense, Defendant pleads that Plaintiff's claims are barred by laches.

3. As and for a Third Affirmative Defense, Defendant pleads that it is a library, and entitled to the traditional common-law exemption from liability for copyright infringement; wherefore, Defendant is not liable for copyright infringement.

4. As and for a Fourth Affirmative Defense, Defendant pleads that it is a library, and its activities as alleged in the Second Amended Complaint constituted Fair Use under 17 U.S.C. § 107; wherefore, Defendant is not liable for copyright infringement.

5. As and for a Fifth Affirmative Defense, Defendant pleads that it is a library, and entitled to the statutory exemption from liability for copyright infringement under 17 U.S.C. § 108; wherefore, Defendant is not liable for copyright infringement.

6. As and for a Sixth Affirmative Defense, Defendant pleads that NaderLibrary.com and American-Buddha.com are independent creative works that transform the works from which it is derived through intensive hyperlinking to create a larger, protectable work that is not subject to claims of copyright infringement.

7. As and for a Sixth Affirmative Defense, Defendant pleads that, as a library, providing access to the Works is a protected exercise of freedom of expression under the First Amendment to the United States Constitution.

8. As and for a Seventh Affirmative Defense, Defendant pleads that Plaintiff has engaged in copyright abuse with respect to the market for eBooks, by, inter alia, engaging in a price-fixing conspiracy with Apple, Inc., and other publishing houses, pursuant to which Plaintiff stipulated to remedial sanctions. *United States v. Apple, Inc., et al*., Case No. 1:12-CV-2826 (SDNY 5/17/2013).   Wherefore, Plaintiff is barred from recovery.

9. Defendant pleads that Plaintiff's allegations fail to state a claim, and therefore Plaintiff may have no recovery thereon.

/ / /

WHEREFORE Defendant prays that Plaintiff be denied all relief on its Complaint, and that costs inclusive of attorneys fees be awarded to Defendant pursuant to 17 U.S.C. § 505.

DATED: August 13, 2014                    /s/ John W. Sullivan
                                          John W. Sullivan Cal. Bar No. 204648
                                          Attorney *pro hac vice* for
                                          Defendant American Buddha

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a jury trial.

DATED: August 13, 2014

/s/ John W. Sullivan
John W. Sullivan Cal. Bar No. 204648
Attorney *pro hac vice* for
Defendant American Buddha