



Suite 2400
1300 SW Fifth Avenue
Portland, OR 97201-5610

**Duane A. Bosworth**
(503) 778-5224 tel
(503) 778-5299 fax

duanebosworth@dwt.com

September 11, 2014

VIA MAIL AND EMAIL

John Sullivan
Attorney at Law
10857 Kling Street
North Hollywood, CA 91602

    Re:    *Penguin Group (USA) Incorporated v. American Buddha*,
            U.S. District Court for Arizona No. CV-13-02075-TUC-JGZ
            Depositions

Dear John:

    Plaintiff would like to take the depositions of Tara Carreon, Charles Carreon, and a Fed. R. Civ. P. 30(b)(6) witness on two consecutive days during the weeks of September 22nd or September 29th. Will you advise of availability? I assume the 30(b)(6) witness will be either Charles or Tara Carreon, and I will follow this message with a notice describing the matters for examination.

Very truly yours,

Davis Wright Tremaine LLP

Duane A. Bosworth

DAB:rmr

DWT 24805212v1 0061270-000015

Anchorage   New York   Seattle
Bellevue      Portland    Shanghai
Los Angeles  San Francisco  Washington, D.C.

www.dwt.com

Exhibit 1
Page 1 of 14

**From:** John Sullivan [mailto:johnw.sullivan@yahoo.com]
**Sent:** Tuesday, September 16, 2014 8:46 AM
**To:** Bosworth, Duane
**Subject:** Re: Penguin Group v. American Buddha - Depositions

Okay. So then you really need two consecutive days. (6)

On Tuesday, September 16, 2014 8:44 AM, "Bosworth, Duane" <duanebosworth@DWT.COM> wrote:

Yes, I think that will be easier. (5)

**From:** John Sullivan [mailto:johnw.sullivan@yahoo.com]
**Sent:** Tuesday, September 16, 2014 8:41 AM
**To:** Bosworth, Duane
**Subject:** Re: Penguin Group v. American Buddha - Depositions



I was just going to email you. I am not so sure about Sept 26 anymore. Trying to get it figured out so we have two consecutive days unless you will be conducting the depositions over the phone. Did you intend to to travel to Tucson?

On Tuesday, September 16, 2014 8:38 AM, "Bosworth, Duane" <duanebosworth@DWT.COM> wrote:

Will have the notice to you soon today and trying to change my schedule to meet the below. 

**From:** John Sullivan [mailto:johnw.sullivan@yahoo.com]
**Sent:** Friday, September 12, 2014 11:16 AM
**To:** Robillard, Renee
**Cc:** Bosworth, Duane
**Subject:** Re: Penguin Group v. American Buddha - Depositions



The 23rd, 24th and 29th are out for the client. September 30, October 2 is out for me. Otherwise okay, maybe 25-26? Send the 30b(6) notice then the client can figure out who would be best, then we can finalize dates.

On Thursday, September 11, 2014 3:17 PM, "Robillard, Renee" <reneerobillard@dwt.com> wrote:

Mr. Sullivan,

On behalf of Duane Bosworth, please see attached correspondence. 

Thank you,

**Renée Robillard** | Davis Wright Tremaine LLP
Assistant to Everett W. Jack, Jr., Stephen R. Ledoux, Sarah Ames, and Ellyn George
1300 SW Fifth Avenue, Suite 2400 | Portland, OR 97201

**Bosworth, Duane**

---

| | |
|---|---|
| From: | John Sullivan <johnw.sullivan@yahoo.com> |
| Sent: | Wednesday, September 17, 2014 1:32 PM |
| To: | Bosworth, Duane |
| Subject: | Re: Penguin Group v. American Buddha - Depositions |

Or just call me when ready.   13

On Wednesday, September 17, 2014 1:32 PM, John Sullivan <johnw.sullivan@yahoo.com> wrote:

Whats your direct dial number?   12

On Wednesday, September 17, 2014 1:03 PM, "Bosworth, Duane" <duanebosworth@DWT.COM> wrote:

11

Hey, I just walked back in from court and am juggling.   Could you just give me a 3 minute email heads up before you call and I will be here and ready.   If right at 1:30 that's fine.

**From:** John Sullivan [mailto:johnw.sullivan@yahoo.com]
**Sent:** Wednesday, September 17, 2014 8:34 AM
**To:** Bosworth, Duane
**Subject:** Re: Penguin Group v. American Buddha - Depositions

Yes. Sounds good.   10

On Wednesday, September 17, 2014 8:29 AM, "Bosworth, Duane" <duanebosworth@DWT.COM> wrote:

Ok.   I'm headed to court right now.   Can you call me at 1:30?   9

**From:** John Sullivan [mailto:johnw.sullivan@yahoo.com]
**Sent:** Wednesday, September 17, 2014 8:26 AM
**To:** Bosworth, Duane
**Subject:** Re: Penguin Group v. American Buddha - Depositions

 8

I got your voice mail. I will call you shortly. I can give you consecutive days on October 7 (after 1:00 p.m.) and October 8 (after 11:00 a.m). The cutoff date is October 8.

On Tuesday, September 16, 2014 9:00 AM, "Bosworth, Duane" <duanebosworth@DWT.COM> wrote:

Yeah unfortunately    7

1

**Exhibit 1**
**Page 3 of 14**

## Bosworth, Duane

| | |
|---|---|
| **From:** | Bosworth, Duane |
| **Sent:** | Thursday, September 18, 2014 3:18 PM |
| **To:** | 'John Sullivan' |
| **Subject:** | deps |



John, I was just about to send you a letter re deps when I realized a problem on the 8th.  I went over your notes and am asking if we could do 6 and 7, rather than 7 and 8.  Thanks very much.

**Duane Bosworth** | Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2400 | Portland, OR 97201
Tel: (503) 778-5224 | Fax: (503) 778-5299 | Mobile: (503) 706-5160
Email: duanebosworth@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**Bosworth, Duane**

---

**From:** John Sullivan <johnw.sullivan@yahoo.com>
**Sent:** Thursday, September 18, 2014 5:26 PM
**To:** Bosworth, Duane
**Subject:** Re: deps

No, we cant do the 6th.   (17)

On Thursday, September 18, 2014 4:29 PM, "Bosworth, Duane" <duanebosworth@DWT.COM> wrote:

Ok, thanks very much.   (16)

---

**From:** John Sullivan [mailto:johnw.sullivan@yahoo.com]
**Sent:** Thursday, September 18, 2014 4:20 PM           (15)
**To:** Bosworth, Duane
**Subject:** Re: deps

I am pretty sure I am in a short trial Oct 6 in the morning. Im still hoping it settles. It would be tough for me, but let me see if its even possible for the client.

1

Exhibit 1
Page 5 of 14

**Bosworth, Duane**

| | |
|---|---|
| From: | John Sullivan <johnw.sullivan@yahoo.com> |
| Sent: | Friday, September 19, 2014 2:31 PM |
| To: | Bosworth, Duane; Cunningham, Tim |
| Subject: | Penguin v. American Buddha |

Dear Mr. Bosworth, 

Thank you for sending the draft 30(b)(6) designation. Tara Carreon will be the designee for all the matters set forth in the draft, and will be available on October 7th and 8th.

I'm sorry if you became confused in our exchange, but Mr. Carreon is not a party witness, will not be designated to testify concerning any of the specified matters, and has not agreed to be deposed by Penguin.

He had advised me that he will testify pursuant to subpoena served by consent under an agreed protective order controlling the scope of his testimony to prevent intrusions upon privileged matters. You may contact him directly regarding service of a subpoena and negotiation of a protective order. I do not represent him and cannot incur fees negotiating on his behalf; accordingly, he has asked me to have you contact him directly at 520-841-0835, or via email at chascarreon@gmail.com.

**Bosworth, Duane**

| | |
|---|---|
| **From:** | Bosworth, Duane |
| **Sent:** | Tuesday, September 23, 2014 4:00 PM |
| **To:** | Charles Carreon, Esq. (chascarreon@gmail.com) |
| **Subject:** | FW: Penguin subpoena and notice |
| **Attachments:** | Subpoena - Charles Carreon.pdf; Notice of Deposition - Charles Carreon.pdf |

(19)

Mr. Carreon:

    Plaintiff seeks to take your deposition in the matter described in the documents attached. Will you accept service of the subpoena by mail? We will enclose witness and mileage fees. Thank you.

       Duane

```
 1  Duane A. Bosworth, OSB #825077
    Tim Cunningham, OSB #100906
 2  DAVIS WRIGHT TREMAINE LLP
    1300 S.W. Fifth Avenue, Suite 2400
 3  Portland, Oregon  97201-5610
    Facsimile:  (503) 778-5299
 4  duanebosworth@dwt.com
    timcunningham@dwt.com
 5  Telephone:  (503) 241-2300

 6      Attorneys for Plaintiff
        Pro Hac Vice
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penguin Group (USA) Incorporated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>American Buddha,<br><br>　　　　　　Defendant. | Case No. CV-13-02075-TUC-JGZ<br><br>**Notice of Deposition – Charles Carreon** |

　　　　PLEASE TAKE NOTICE that plaintiff will take the deposition of Charles Carreon on October 8, 2014 at 11 a.m. at Snell & Wilmer, LLP, 1 S Church Ave #1500, Tucson, Arizona 85701.  The deposition will be recorded stenographically.

　　　　DATED this 23rd day of September, 2014.

　　　　　　　　　　　　　　　　　DAVIS WRIGHT TREMAINE LLP

　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　Duane A. Bosworth, OSB #825077
　　　　　　　　　　　　　　　　　Tim Cunningham, OSB #100906
　　　　　　　　　　　　　　　　　Of Attorneys for Plaintiff *Pro Hac Vice*

## CERTIFICATE OF SERVICE

1  
2  I hereby certify that on September 23, 2014, I served the foregoing document and any attachments by email and U.S. First Class Mail to the following:

3  
4  John Sullivan  
   Attorney at Law  
5  10857 Kling Street  
   North Hollywood, CA 91602

*[signature]*

6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

## UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| Penguin Group (USA) Incorporated, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV-13-02075-TUC-JGZ |
| American Buddha, | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Charles Carreon, 2165 S. Avenida Planeta, Tucson, AZ 85710

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Snell & Wilmer, LLP<br>1 S Church Ave #1500, Tucson, AZ 85701 | Date and Time:<br>10/08/2014 11:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/23/2014

*CLERK OF COURT*

_____   OR   ___*[signature]*___
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Penguin Group (USA) Incorporated                                 , who issues or requests this subpoena, are:
Duane A. Bosworth, Tim Cunningham, Davis Wright Tremaine, LLP, 1300 SW 5th Ave., Ste. 2400, Portland, OR 97201 (503) 241-2300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1
Page 10 of 14

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CV-13-02075-TUC-JGZ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 1
Page 11 of 14

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 1
Page 12 of 14

**Bosworth, Duane**

| | |
|---|---|
| **From:** | Bosworth, Duane |
| **Sent:** | Monday, September 29, 2014 11:08 AM |
| **To:** | 'John Sullivan' |
| **Subject:** | FW: Penguin - Notice of 30(b)(6) Deposition |
| **Attachments:** | 2014-09-29 Notice of Deposition of Defendant.pdf |

(20)

John,

    I wanted to confirm the order and place of the depositions. We will begin Tara Carreon's deposition at 1pm, per your request not to start before that time. We have estimated that we may be able to begin the 30(b)(6) deposition at 4pm. We believe we will be able to start Charles Carreon's deposition at 11 am the next day, per your request not to start before that time. We emailed Charles but have not had a response.

    Duane

# Bosworth, Duane

| | |
|---|---|
| **From:** | John Sullivan <johnw.sullivan@yahoo.com> |
| **Sent:** | Monday, September 29, 2014 1:32 PM |
| **To:** | Bosworth, Duane |
| **Subject:** | Penguin v. American Buddha |
| **Attachments:** | CHAS.DEPO.XCRIPT.pdf; OML.Corrections.Depo.pdf |

Duane,

With regard to your 30(b)(6) request, objection is made that category 8 is not relevant or likely to lead to the discovery of admissible evidence. Penguin has no claim or right to claim an interest in other titles on the website, and the presence of other works on the American-Buddha.com and NaderLibrary.com websites has no relevance to its claim of infringement of the Four Titles.

With regard to one of the Four Titles, my client advises that "It Can't Happen Here" is in the public domain, and the Penguin version that was copyrighted (containing a new introduction that is copyrighted), has never been available on either of the websites. Confusion apparently arose because the Library made available an image of the cover of the Penguin version, that has been removed. Accordingly, any claim of infringement of that title was erroneous, and is now moot.

With regard to the conduct of the 30(b)(6) deposition, please arrange for me to have a telephone connection, as I will be attending telephonically.

With regard to Mr. Carreon, he contacted me to advise that he has no availability at all until November, due to trial preparation and trial in a San Francisco US District Court case that he is scheduled to try in November. He is currently in Los Angeles, where he completed trial with closing argument today, and asked you to please call him at 520-841-0835.

Additionally, he provided me with a copy of the deposition taken from him by Mr. Kjellberg in the NYSD case, attached for your convenience, along with the correction. American Buddha has authorized me to stipulated to its admissibility in this action; accordingly, it would seem redundant to take another.

Finally, if Mr. Carreon is deposed, I will not be defending the deposition, so there is no need to figure me into the scheduling. However, I have been advised by my client that it is unwilling to extend the discovery cutoff, given the Court's evident desire to move the action to trial.