John Sullivan (csb # 204648)
10857 Kling Street
North Hollywood, California 91602
Tel: (818) 769-7236
Fax: (818) 301-2175
sullivan.john84@gmail.com

Attorney *pro hac vice* for
Defendant American Buddha

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penguin Group (USA) Inc., | Case No.:  CV-13-02075-TUC- JGZ |
| Plaintiff, | JOINDER OF DEFENDANT AMERICAN BUDDHA IN MOTION TO QUASH DEPOSITION SUBPOENA |
| vs. | |
| American Buddha, | |
| Defendant | |

Defendant American Buddha, pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, joins in the motion of its counsel Charles Carreon to quash Plaintiff's subpoena directed to Mr. Carreon.

DATED: October 13, 2014

/s/ John W. Sullivan
John W. Sullivan (Cal. Bar No. 204648)
Attorney for Defendant American
Buddha, admitted *pro hac vice*

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Discovery Is Closed

A request to conduct discovery beyond the discovery cutoff should be denied where a party has failed to act with diligence. *Orr v. Bank of America*, 285 F.3d 764, 784-785 (9th Cir. 2002). That is the case here with respect to Penguin's tardy request to depose American Buddha's counsel.

### 2. American Buddha Has Been Examined In Detail About Its Corporate Position and The Grounds for Its Discovery Responses

American Buddha and its Director Tara Carreon have been deposed in their corporate and personal capacities. The day before her 30(b)(6) deposition, Mrs. Carreon provided Penguin's counsel with a detailed outline of her anticipated trial testimony on behalf of American Buddha. (Tara Carreon Dec. ¶ 8; Exhibit 5.)

### 2. Mr. Carreon Is Not On American Buddha's Witness List

Mr. Carreon is not on the American Buddha witness list. (Tara Carreon Dec. ¶ 9.)

### 3. American Buddha Has Not Waived the Attorney Client and Attorney Work Product Privileges

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn v. United States,* 949 U.S. 383, 389 (1981), *quoting* 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). The Court continued:

> "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client. As we stated last Term in *Trammel v. United States,* 445 U. S. 40, 51 (1980): "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." And in *Fisher v. United States,* 425 U. S. 391, 403 (1976), we recognized the purpose of the privilege to be "to encourage clients to make full disclosure

>to their attorneys." This rationale for the privilege has long been recognized by the Court, *see Hunt v. Blackburn,* 128 U. S. 464, 470 (1888) (privilege "is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure").

*Upjohn v. United States,* 949 U.S. 383, 389 (1981)

In order to preserve the attorney-client privilege, American Buddha has kept all of its communications with Mr. Carreon, and all of his work product, confidential. (Tara Carreon Dec. ¶ 5.)[1] At this time, American Buddha specifically asserts the privilege that was properly raised by its counsel in his motion. Mrs. Carreon, the sole director of the corporation, is unquestionably a member of that category of corporate employees whose communications with counsel are deemed privileged. *See, Upjohn v. United States,* 949 U.S. 383, 389 (1981). And, as this litigation exemplifies, American Buddha is much in need of counsel. "In light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike most individuals, constantly go to lawyers to find out how to obey the law," *Upjohn, at id., quoting Burnham,* The Attorney-Client Privilege in the Corporate Arena, 24 Bus. Law. 901, 913 (1969).

Although the very expedient of subpoenaing Mr. Carreon demonstrates the intent to attempt to obtain unfair access to his mental impressions of the case, Penguin has identified no specific facts that it needs to discover from Mr. Carreon to prove its case.[2] The work product rule is to "prevent exploitation of a party's efforts in preparing for litigation." *Admiral Ins. Co. v. United States District Court,* 881 F.2d 1486, 1494 (9th Cir.1989). "Discovery was hardly intended to enable a learned profession to perform its

---

[1] Penguin appears to suggest, without citation to authority, that former litigation counsel somehow have a diminished duty to protect confidentiality of communications subject to the attorney client and work product privileges.
[2] Mr. Carreon's declaration in support of an ex parte application that this Court granted did not result in a waiver of confidentiality, nor did his avowal of extensive corporate knowledge make him a party witness. As his declaration in support of the motion for protective order states, he has acquired that knowledge necessary to mount a defense to Penguin's claims, that has become a form of institutional litigation in which continuing expertise is invaluable. To say that because Mr. Carreon has learned the case inside and out, he now becomes plaintiff's tool, is a principle for which no precedent has been cited, because none exists. It is, indeed, the effort to make mere parasitic use of opposing counsel by invading the sanctum of the privilege.

functions. . . on wits borrowed from the adversary." *Upjohn, supra, quoting Hickman v. Taylor*, 329 U.S. 495, 516 (1947).

Questions that Penguin might put to Mr. Carreon about legal theories and case-relevant facts would all implicate knowledge generated by work-product privileged documents, that Mr. Carreon has been working on for the last five years. Penguin has no right to access Mr. Carreon's thought processes simply by the expedient of issuing an untimely subpoena.

Penguin has not even attempted to show "substantial need" for access to Mr. Carreon's mental impressions; thus, *Penguin has not even carried half of its burden* of attempting to gain access to work product, because "[a]s Rule 26 and *Hickman* make clear, ... work product cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without [making an additional showing of] undue hardship." *Upjohn v. United States,* 949 U.S. at 401.

**4.     There Is Nothing Mr. Carreon's Testimony Could Meaningfully Add to the Record, So His Deposition Would Be A Waste of Time**

The corporate defendant has testified fully, and the director of the company has been deposed in her personal capacity. (Tara Carreon Dec. ¶ 6.) There is nothing that Mr. Carreon would say that would either help or hinder Penguin's case, because he will not be a witness in the case. (Tara Carreon Dec. ¶ 9.) American Buddha is aware of no facts that Mr. Carreon has learned based on his representation of American Buddha that would be discoverable in this action. (Tara Carreon Dec. ¶ 10.)

**5.     There Are Compelling Grounds for Quashing The Subpoena, and the Issue of Spousal Privilege Is Moot**

There are compelling grounds to issue the requested protective order:

   1.  Discovery is closed;

   2.  Mr. Carreon's assertion of privilege was timely;

   3.  The corporation has joined in asserting the privilege;

4. The privilege has not been waived;

5. Penguin has not identified any specific, discoverable matters into which it needs to inquire of Mr. Carreon to establish its case; and,

6. Penguin has demonstrated no need or right to invade the privilege.

While Mr. Carreon acted chivalrously in asserting the spousal privilege, there is no need for the corporate defendant to assert this privilege. Rather than issue an unnecessary ruling on the privilege, the Court is requested to find the spousal privilege issue moot, and to quash the subpoena on the above-enumerated grounds.

**6.     Conclusion**

The Court should grant the motion for protective order to protect the attorney-client and attorney-work product privilege from being invaded by Penguin. As a subsidiary matter, the Court should deny any extension of the discovery cutoff to allow Penguin to conduct any further discovery, in particular, superfluous discovery of defendant's counsel's knowledge and mental processes.

DATED: October 13, 2014

/s/ John W. Sullivan
John W. Sullivan (Cal. Bar No. 204648)
Attorney for Defendant American Buddha, admitted *pro hac vice*