CHARLES CARREON (CSB #127139)
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel:  520-841-0835
Email: chascarreon@gmail.com
Attorney *pro se*

FILED / RECEIVED   OCT 14 2014   CLERK U S DISTRICT COURT DISTRICT OF ARIZONA   DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Penguin Group (USA) Inc.,** | Case No.:  CV-13-02075-TUC- JGZ |
| **Plaintiff,** | REPLY DECLARATION OF CHARLES CARREON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA |
| vs. | |
| **American Buddha,** | |
| **Defendant** | |

Charles Carreon declares and states as follows:

1. I am an attorney licensed to practice law in the State of California, and have been the attorney for American Buddha since it was incorporated fourteen years ago. I make this declaration on personal knowledge, and if called as a witness could and would so competently testify.

2. This declaration is submitted in reply to the propounding party's opposition to the motion to quash (Docket # 138) I filed to protect testimonial and evidentiary privileges that I am required to protect for my client American Buddha. I understand that I do not need to assert the spousal privilege at that time, and seek

no adjudication on those grounds, which were asserted more from a chivalrous impulse than from necessity.

3. I appeared at on the date and at the place specified in the subpoena in this case, but Mr. Bosworth failed to comply with his duties under F.R.Civ.P. 30(g), for which a sanction of $300 should be imposed.

4. On October 8, 2014, I appeared for my deposition a the law office of Snell & Wilmer. Although I had expected that I would be defending a deposition telephonically in *Fender v. Swade*, a Lanham Act action pending in the Tennessee Middle District, I was able to settle that case in principle on Friday, October 3rd, and the Consent Decree was executed on the 7th, so I was able to attend the deposition.

5. Duane Bosworth was present at the location where he had noticed my deposition, and I offered unequivocally to testify then and there.

6. Mr. Bosworth refused to take my deposition because he was not ready to proceed. Accordingly, I have now been burdened by having to appear at the deposition, and Mr. Bosworth failed to take it.

7. Accordingly, I request that, pursuant to F.R.Civ.P. 30(g), the Court order Penguin to pay me the cost of appearing at the deposition, in the amount of one hour of travel time to and from the deposition. The appropriate amount would be $300, billed at my standard hourly rate.

8. Mr. Bosworth will no doubt assert that I would have been present at the deposition on October 8th, regardless, because he had "double-noticed" the day by setting the American Buddha 30(b)(6) deposition for the same time; however, I would not have needed to accompany the American Buddha designee to the deposition, as she was represented by counsel John Sullivan already, and was very well-prepared, having delivered her entire testimonial outline to Mr. Bosworth the day before. However, once I arrived at the deposition, since we are a one-car family

and live on the far eastside of Tucson, it made more sense for me to stay at the deposition.

9. I would have much preferred to stay at my office and work, especially since this Court's order precluded me from participation. I spent most of my time at the 30(b)(6) deposition emailing opposing counsel and drafting documents connected with complying with pretrial orders of Magistrate Judge Nathanael Cousins in *Arden v. Kastell,* Northern District of California, Case No. 3-cv-10-0436 that required me to complete two Joint Exhibit binders and deliver them to Court in San Francisco the very next day; accordingly, due to the inconvenience occasioned by spending from 11:00 a.m. until 3:00 p.m. at Snell & Wilmer, I was put in a terrible time crunch, and ended up having to deliver a Fedex package stuffed with the Exhibit binders to the Tucson Airport at about 6:45, a few minutes before it would have been too late.

10. The extreme inconvenience and professional risk that Penguin and its counsel imposed on me by propounding a subpoena with no intention to conduct the deposition merits at least a modest sanction. Further, now that I have presented myself for deposition pursuant to the subpoena and been dismissed, I reasonably believe that my duties under the subpoena have been discharged, and I should not have to discuss this matter with Penguin's counsel again.

11. I am flying to San Francisco on October 13th to begin trial in *Arden v. Kastell* on the 14th, and the case is scheduled to continue through October 22nd at least; accordingly, I will be entirely unavailable for the better part of October, and when I return from trying *Arden v. Kastell*, I will be extremely busy for the next month trying to catch up with the work I couldn't do while I was in trial. I have now spent many hours responding to Penguin's frivolously-propounded subpoena, and sincerely wish to be free of further harrassment.

## PROOF OF SERVICE

I am a citizen of the United States with a business address of 2165 S. Avenida Planeta. I am over the age of 18 years, and not a party to the within action. I declare that, on the date subscribed below, I served the following document described as

**REPLY DECLARATION OF CHARLES CARREON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA**

upon counsel of record herein by the method(s) described below:

Duane A. Bosworth / Davis Wright Tremaine LLP
 1300 SW Fifth Avenue, Suite 2400
 Portland, Oregon 97201-5610

☐ by email to the above-referenced email address

☐ by personal delivery to the above-referenced addresses

☑ by placing the same in envelopes addressed to the above recipients, U. S. Mail, with first class postage fully prepaid, deposited into an official mailbox located in Tucson, Arizona.

☐ by Federal Express for overnight delivery.

Executed at Tucson, Arizona, on October 13, 2014.

*/s/ Charles Carreon*

CHARLES CARREON

12. For all of the above reasons, the Court is respectfully requested to grant the motion to quash and sanction Penguin $300 for failing to proceed with my deposition on the date noticed.

I hereby declare, pursuant to the provisions of 28 U.S.C. § 1746 (2), under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed at Tucson, Arizona on October 12, 2014

_____
Charles Carreon, Declarant