Duane A. Bosworth, OSB #825077
Tim Cunningham, OSB #100906
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Facsimile:  (503) 778-5299
duanebosworth@dwt.com
timcunningham@dwt.com
Telephone:  (503) 241-2300

Attorneys for Plaintiff
*Pro Hac Vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Penguin Group (USA) Incorporated,

           Plaintiff,

    v.

American Buddha,

           Defendant.

Case No. CV-13-02075-TUC-JGZ

**Plaintiff's Opposition to Sanctions**

      Non-party Charles Carreon has stated in a declaration that a sanction of $300 should be imposed on plaintiff pursuant to Fed. R. Civ. P. 30(g), for plaintiff's failure to take Mr. Carreon's deposition on October 8, 2014.  Mr. Carreon has not filed any motion in this regard but contends that the statements in his declaration should be deemed a motion.  Mr. Carreon confirmed his intent to pursue this award in his emails of October 23 and October 27, 2014, attached to the Declaration of Duane Bosworth, Exhibits 1 and 2.  Assuming a motion for sanctions is pending before this Court, plaintiff briefly opposes that motion.

      First, Mr. Carreon declares that sanctions should be imposed pursuant to Fed. R. Civ. P. 30(g).  That rule applies to a *party* only:

1

> Federal Rule of Civil Procedure 30(g) provides for an award of attorneys' fees and expenses to the *party* attending a deposition where the party giving notice fails to attend and proceed.  Helms, however, was not a party to the *Westmoreland* suit; the awards under the Rules are matters of legislative grace, and we cannot extend to non-parties that relief expressly provided only to parties."

*Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1178 (D.C. Cir. 1985) (emphasis in original) (internal citation omitted).  The rule does not apply to Mr. Carreon, a non-party.

Second, at no time on October 8 could Mr. Carreon have been "expecting [his] deposition to be taken," the second requirement of Fed. R. Civ. P. 30(g).  Mr. Carreon had a pending motion before this Court in which he declared "there is absolutely nothing non-privileged about my knowledge of American Buddha and Tara Carreon."  Doc. 138-2, ¶ 18.  In the middle of deposition on October 7, Mr. Carreon suddenly said that he would consent to have his deposition taken at the end of the day on October 8.  He did not, however, change his position that there was "absolutely nothing" about which he could be asked.  Counsel for plaintiff told him that in light of his recently filed, pending motion before the Court, plaintiff would not attempt to take his deposition.  Mr. Carreon understood and did not object or further comment in any way.  Declaration of Duane Bosworth, ¶ 6.

Even if Mr. Carreon *had* agreed to waive all claimed attorney-client and spousal privileges, Mr. Carreon's own actions had precluded any time to take his deposition.  The following is supported by the Declaration of Duane Bosworth.  In brief:

- At Mr. Carreon's own insistence, depositions could not begin until 1 p.m. on October 7, despite the fact that plaintiff's counsel had travelled to Tucson on Monday, October 6 and was ready to take depositions on the morning of October 7.  Despite the insistence on a late start, in fact neither Mr. Carreon nor the witness, Ms. Carreon, appeared at 1 p.m.  Notified by telephone that two lawyers, a court reporter and a videographer were all on the clock and urgently waiting for her, Ms. Carreon's subsequent response was that for reasons she could not reveal because of attorney-client and

1       spousal privilege, she did not think she was being deposed at 1 p.m.  In
2       fact, Mr. and Mrs. Carreon arrived more than one hour later.
3   •   Deposition was further delayed when Mr. Carreon vehemently insisted that
4       he would freely participate in Ms. Carreon's deposition, including advising
5       her and objecting to questions, despite the fact that she was represented by
6       defendant's counsel, Mr. Sullivan.  Plaintiff did not object to Mr. Carreon's
7       attending the deposition, as the attached transcript confirms, but did object
8       to Mr. Carreon's participation in it.  After extended discussion, Mr. Carreon
9       stated on the record that in the absence of a protective order "There is
10      nothing that says that you can silence a person who is present at the
11      deposition.  I'm well aware of what the rules state."  Bosworth Decl., Ex. 3.
12  •   As a result of more than one hour delay in the Carreons' arriving at the
13      deposition, and Mr. Carreon's subsequent, extended, incorrect insistence
14      that no notice had ever been given of videotaping the deposition, along with
15      his contention, for an extended period of time, that he would simply not
16      allow the deposition to go forward if any camera was present, and that he
17      could speak freely during the deposition, the 1 p.m. deposition did not
18      begin until 3:05 p.m.
19  •   Plaintiff's counsel had conferred, in writing, with defendant's counsel
20      about running later into the evening because of the very late, 1 p.m. start
21      Mr. Carreon insisted upon.  Plaintiff had specially arranged for the court
22      reporter and the videographer to stay until 8 p.m. on the night of October 7,
23      and had arranged to pay the host law firm to have staff present so that the
24      depositions could continue until 8 p.m.  On the day of the deposition,
25      however, defendant's counsel declared that he had to leave quite early.
26      Bosworth Decl., Ex. 4.  The total time of deposition permitted to plaintiff
27      on October 7 was only two hours and 8 minutes.
28  •   At Mr. Carreon's insistence, depositions could not begin on October 8 until

3

1    11 a.m.  During that deposition, Mr. Carreon declared that he had to leave
2    at 3 p.m. and that he was taking the witness with him.  The total time
3    plaintiff was permitted to hurriedly finish Ms. Carreon's deposition and
4    take the Rule 30(b)(6) deposition on October 8 was only two hours and 34
5    minutes.

6    • At no time on October 8 did Mr. Carreon offer to be deposed, let alone state
7    that he was dropping his motion to quash his deposition or that he would
8    answer *any* question, in light of his assertion that absolutely everything he
9    knew was subject to privilege.  Even if Mr. Carreon had, hypothetically,
10   dropped his pending motion, Mr. Carreon's and defendant's severe
11   truncating of the time for depositions would not have allowed any time for
12   Mr. Carreon's deposition.  None of these events led Mr. Carreon to expect
13   that his deposition would be taken.  He did not complain or remonstrate in
14   any way about his deposition not being taken.  He left the location of the
15   deposition hours before 5 p.m., as he declared during the deposition he
16   would.

## Conclusion

For the reasons stated, plaintiff respectfully opposes any putative motion for sanctions.

DATED this 29th day of October, 2014.

DAVIS WRIGHT TREMAINE LLP


By: s/ Duane A. Bosworth
Duane A. Bosworth, OSB #825077
Tim Cunningham, OSB #100906
Of Attorneys for Plaintiff *Pro Hac Vice*

## CERTIFICATE OF SERVICE

1

2       I hereby certify that on the 29th day of October, 2014, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office

3   using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. .

4

5       John Sullivan
    Attorney at Law

6       10857 Kling Street
    North Hollywood, CA 91602

7

8                   s/ Duane A. Bosworth

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DWT 25192871v1 0061270-000015