John W. Sullivan (Cal. Bar # 204648)
10857 Kling Street
North Hollywood, California 91602
Tel: (818) 769-7236
Fax: (818) 301-2175
JohnW.Sullivan@yahoo.com

Attorney *pro hac vice* for
Defendant American Buddha

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Penguin Group (USA) Inc.,** | Case No.: CV-13-02075-TUC- JGZ |
| **Plaintiff,** | SECOND UNOPPOSED EX PARTE APPLICATION PURSUANT TO F.R.Civ.P. 6(b) TO EXTEND TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| **vs.** | |
| **American Buddha,** | |
| **Defendant** | |

To the Court, and to all parties and their counsel of record, please take notice that defendant American Buddha hereby applies to the Court *ex parte* pursuant to Rule 6(b)(1) for a one-week extension of time to file opposition to the motion for summary judgment served by Plaintiff Penguin Group (USA) Inc. ("Penguin") on December 16, 2014 (Docket # 160).

The grounds for the application are that it is timely made prior to the expiration of the time for responding to the subject motion, that no prior extensions have been

requested, and for the additional grounds set forth in the Declaration of Tara Lyn Carreon submitted herewith.

The application is further based on this Memorandum of Points and Authorities, the Declaration of John W. Sullivan submitted herewith, the evidence attached thereto, and the files and records of the action.

DATED: January 13, 2015                    /s/ John W. Sullivan
                                            John W. Sullivan (Cal. Bar No. 204648)
                                            Attorney for Defendant American
                                            Buddha, admitted *pro hac vice*

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.  This *Ex Parte* Application Is To Deal With A Family Emergency

This *ex parte* application is statutorily authorized under F.R.Civ.P. 6(b)(1), timely filed prior to the expiration of the deadline as to which relief is requested.  This application is made to obtain relief from the Court to adapt the procedural requirements of the case to the circumstances of what constitutes a genuine family emergency. (Carreon Dec. ¶¶ 3, 4, 8 – 11.)  Unbeknownst to undersigned counsel (Sullivan Dec. ¶ 5), the Director of American Buddha will be receiving a rare visit from her two grown daughters from January 15th through January 25th, during which time she will be mostly unavailable to work on her declaration and on revising the brief in opposition to the motion for summary judgment.  (Carreon Dec. ¶¶ 8 and 11.)

### 2.  New Law on the Subject of Non-commercial Library Use as Fair Use Must Be Addressed in the Briefs and in the Director's Declaration

An important new case on the Fair Use Factors applicable under 17 U.S.C. § 107 to a case of non-commercial use of digital Library materials has been handed down by the Eleventh Circuit in *Cambridge University Press v. Becker, et al.*, Case Nos. 12-14676 & 12-15147 (Exhibit C, the "GSU Opinion").  Given the small amount of time left between now and the 15th, when Mrs. Carreon's younger daughter will arrive in Tucson and Mrs. Carreon's availability to work on the litigation will markedly diminish, an extension is needed for the defendant to give enough attention to the opposition and consult with counsel to complete the opposition.  (Sullivan Dec. ¶¶ 6 – 8.)  The importance of the GSU Opinion to the Library community cannot be overstated, and the guidance it will provide to this Court will aid in rendering a fair, reviewable decision.  However, it also substantially increases the work for counsel and client, and thus the extension is required.  (Sulllivan Dec., at *id.*)

Mrs. Carreon cannot juggle her affection for her children, whom she has not seen for eighteen months, against the exigencies of litigation scheduling (Carreon Dec. 11), and she should not, in reason and humanity, be asked to do so.  No prejudice to the timely progress of the action will result from the unopposed requested extension.  Thus, under the authorities set forth below, good cause is readily established to grant this application for an unopposed extension of one week to file the opposition of defendant to the pending motion for summary judgment.

**3.  Under Rule 6(b)(1), Good Cause Exists To Grant the Application**

This application is directed to this Court's sound discretion,[1] the Ninth Circuit directs the District Courts to apply that discretion with liberality, such that, "in the absence of bad faith," this application should be granted.

> "A motion for extension of time filed before a deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"
> *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

When discussing the meanings of the "good cause" standard in various procedural situations, the Ninth Circuit gave Rule 6(b) as an example for how lenient the standard can be:

> "Federal Rule of Civil Procedure 6(b) provides that courts 'for good cause' may extend the time limits imposed by the rules of civil procedure. Interpreting this language, courts have said that the good cause standard and an extension ***'normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'***"
> Fed. R. Civ. P. 6(b)(2).
> *California Trout v. F.E.R.C.,* 572 F.3d 1003, 1027, n. 1 (9th Cir. 2009),quoting 4B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1154 (3d ed. 1998)(emphasis added).

American Buddha seeks only a brief extension for good cause that is clearly in good faith.

---

[1] *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 974 (9th Cir. 2007).

### 4. The Application is Unopposed

Counsel for American Buddha has secured the non-opposition of plaintiff's counsel to this application.

### 5. Fairness Favors Granting the Extension

It goes without saying that procedural fairness is essential to substantive fairness. The fairness of granting a first extension to American Buddha, after plaintiff has received two extensions of time to file the motion for summary judgment, can hardly be doubted. And it is worth noting that it was those two extensions to plaintiff that caused American Buddha's response date to land precisely in the middle of the two Carreon daughters' trip to visit their mother this week and next. Accordingly, procedural fairness strongly favors granting the requested extension of one week.

### 6. Conclusion

The facts set forth in the Declarations of Tara Lyn Carreon of John W. Sullivan establish good cause for this Court to grant the requested extension of time for defendant to file opposition to the pending Motion for Summary Judgment (Docket # 160), filed on December 16, 2014, from January 20, 2015 until January 27, 2015. Accordingly, the Court is respectfully requested to an issue an Order in the form submitted herewith, granting the said requested relief.

DATED: January 13, 2015              /s/ John W. Sullivan
                                      John W. Sullivan Cal. Bar No. 204648
                                      Attorney for Defendant American
                                      Buddha