**APPENDIX A**

Penguin submits that pursuant to LRCiv 56.1, its statement of facts is deemed admitted. Moreover, Penguin submits that even if all of defendant's proffered evidence is admitted and considered, there is still no genuine issue of material fact preventing summary judgment in plaintiff's favor. Nevertheless, pursuant to Fed. R. Civ. P. 56(c)(2), and to make a record, plaintiff offers the following objections to defendant's proffered evidence. Where plaintiff objects only to a specific statement, that objection will be specified. Other objections are to entire paragraphs.

**Declaration of Tara Carreon, Dkt #168-01:**

¶ 27, Statement, "Growing the ABOL archive in this way enhances its utility for scholars as a transformational resource to enhance scholarship by tapping into the richness of digital resources.": The statement is inadmissible pursuant to Fed. R. Evid. 602 and 701. Ms. Carreon is not an expert, and her opinion on the utility of the Websites for scholars is inadmissible. Moreover, there is no foundation to support her opinion. The statement is also objectionable because it is a conclusion of law.

¶ 29: The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701. Ms. Carreon is not offered as an expert, the statements are her opinion, and there is no foundation for her statements.

¶ 30: The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701. Ms. Carreon is not offered as an expert, the statements are her opinion, and there is no foundation for her statements.

¶ 32: The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701. Ms. Carreon is not offered as an expert, the statements are her opinion, and there is no foundation for her statements.

1

2   ¶ 34: The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Ms. Carreon
3   is not offered as an expert, the statements are her opinion, and there is no foundation for
4   her statements.  The statements are further objectionable as bare legal conclusions.

5

6   ¶ 37: The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Ms. Carreon
7   is not offered as an expert, the statements are her opinion, and there is no foundation for
8   her statements.  The statements are further objectionable as bare legal conclusions.

9

10  ¶ 38: The paragraph (and the referenced exhibits) are inadmissible hearsay.  Fed. R.
11  Evid. 801; 802.  Neither Mr. Kerscher nor Mr. LaBarre are witnesses in this case, and
12  their testimony in other cases is neither admissible directly nor through Ms. Carreon.  No
13  "judicial notice" under Rule 201 is possible.

14

15  ¶ 39: The paragraph (and the referenced exhibits) are inadmissible hearsay.  Fed. R.
16  Evid. 801; 802.  Neither Mr. Kerscher nor Mr. LaBarre are witnesses in this case, and
17  their testimony in other cases is neither admissible directly nor through Ms. Carreon.

18

19  ¶ 40: The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Ms. Carreon
20  is not offered as an expert, the statements are her opinion, and there is no foundation for
21  her statements.  For example, Ms. Carreon simply states that "Library Patrons cannot
22  download a 'local file' of an entire chapter," but does not explain *why* that is the case,
23  especially in the face of the undisputed statement of fact #22 and others.  Further, Ms.
24  Carreon's opinions regarding what people would "bother" to do is not competent
25  evidence regarding what people *can* or do.  The statements are further objectionable as
26  bare legal conclusions.

27

28  ¶ 44: The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Ms. Carreon

1  is not offered as an expert, the statements are her opinion, and there is no foundation for
2  her statements.  The statements are further objectionable as bare legal conclusions.
3
4  ¶ 45, Statement "In my opinion, Oil! is most often purchased by students in fulfillment of
5  course reading requirements, and used primarily as educational material in literature and
6  social studies classes."  The statement is inadmissible pursuant to Fed. R. Evid. 602 and
7  701.  Ms. Carreon is not offered as an expert, the statement is her opinion, and there is no
8  foundation for her statement.
9
10 ¶ 46, Statement "It is a necessary companion work to Orwell's 1984 and Huxley's Brave
11 New World, an essential tome for social studies and literature classes in high school and
12 college. In my opinion, It Can't Happen Here has primarily educational value, is mostly
13 read by students when assigned by teachers, and is consulted in its online form for
14 performance of those scholarly tasks that are best done with a digital copy of the work
15 that can be digitally searched and otherwise handled in transformative fashion."  The
16 statement is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Ms. Carreon is not
17 offered as an expert, the statement is her opinion, and there is no foundation for her
18 statement.
19
20 ¶ 47:  The paragraph and the referenced exhibits are inadmissible pursuant to Fed. R.
21 Evid. 602 and 701.  Ms. Carreon is not offered as an expert, the statements are her
22 opinion, and there is no foundation for her statements.  The statements are further
23 objectionable as bare legal conclusions.  Specific objections to the Exhibits are detailed
24 below.
25
26 ¶ 48:  The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Ms. Carreon
27 is not offered as an expert, the statements are her opinion, and there is no foundation for
28 her statements.  The statements are further objectionable as bare legal conclusions.

DWT 26135534v1 0061270-000015

1  Moreover, the statement regarding what the "statistics" show is directly contrary to
2  undisputed statement of fact #22, which is drawn from Ms. Carreon's sworn testimony
3  that no statistics in fact exist.
4
5  ¶ 50:  The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Ms. Carreon
6  is not offered as an expert, the statements are her opinion, and there is no foundation for
7  her statements.  The statements are further objectionable as bare legal conclusions.
8
9  ¶ 51:  The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Ms. Carreon
10 is not offered as an expert, the statements are her opinion, and there is no foundation for
11 her statements.  The statements are further objectionable as bare legal conclusions.
12
13 **Declaration of Nicholas Mueller, Dkt #168-02:**
14
15 Plaintiff objects to the entire declaration because Nicholas Mueller was not disclosed as a
16 witness until October 9, 2014.  Cunningham Decl. in Support of Reply Ex. 3.  This Court
17 had previously ordered that witnesses be disclosed by September 29, 2014, and that
18 discovery close October 8, 2014.  Dkt. #104; Dkt. # 132.
19
20 In addition, plaintiff offers the following specific objections:
21
22 ¶ 4:  The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Mr. Mueller
23 is not offered as an expert, the statements are his opinion, and there is no foundation for
24 his statements.  The statements are further objectionable as bare legal conclusions.
25
26 ¶ 5:  The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Mr. Mueller
27 is not offered as an expert, the statements are his opinion, and there is no foundation for
28 his statements.  For example, Mr. Mueller does not testify that *he* uses the Websites to

4

1   "practice modern scholarship."  The statements are further objectionable as bare legal
2   conclusions.
3
4   ¶ 6:  The paragraph is inadmissible pursuant to Fed. R. Evid. 602 and 701.  Mr. Mueller
5   is not offered as an expert, the statements are his opinion, and there is no foundation for
6   his statements.  Mr. Mueller has established no foundation to speak on behalf of students.
7   The statements are further objectionable as bare legal conclusions.
8
9   ¶ 7, Statement "The entire operation of American Buddha and its Library activities is
10   non-commercial."  The statement is inadmissible pursuant to Fed. R. Evid. 602 and 701.
11   Mr. Mueller is not offered as an expert, the statement is his opinion, and there is no
12   foundation for his statement.  There is no basis for Mr. Meuller to opine on the "entire
13   operation" of defendant.
14
15   **Exhibits:**
16
17   Exhibit 1:  Exhibit 1 is irrelevant.  Nothing about Penguin's lawsuit against Google
18   makes any material fact in this lawsuit more or less likely to have occurred.
19
20   Exhibit 2:  Exhibit 2 is inadmissible hearsay.  Fed. R. Evid. 801; 802.  Defendant offers
21   the testimony of a witness from *a different trial* for the truth in this case.  That declarant
22   was never available to plaintiff for cross examination.  Nor is the testimony judicially
23   noticeable.  The *fact that the declarant testified* may be noticeable, but the actual
24   testimony itself is hearsay.
25
26   Exhibit 3:  Exhibit 3 is inadmissible hearsay.  Fed. R. Evid. 801; 802.  Defendant offers
27   the testimony of a witness from *a different trial* for the truth in this case.  That declarant
28   was never available to plaintiff for cross examination.  Nor is the testimony judicially

5

1  noticeable.  The *fact that the declarant testified* may be noticeable, but the actual
2  testimony itself is hearsay.
3
4  Exhibit 4:  Exhibit 4 is objectionable in so far as the exhibit shows a "pop-up" page that
5  defendant added to its website during the pendency of this litigation.  *See* Cunningham
6  Decl. in Support of Summary Judgment, Dkt. # 163.
7
8  Exhibit 5:  Exhibit 5 is objectionable because there is no foundation laid whatsoever in
9  the Tara Carreon declaration.  Fed. R. Evid. 901.  Moreover, the Exhibit is objectionable
10 insofar as it presents pages that defendant altered during the pendency of this litigation.
11 Cunningham Decl. in Support of Reply Ex. 4.
12
13 Exhibits 6-8:  Exhibits 6-8 are objectionable for the following reasons:
14
15    1) Exhibits 6-8 appear to be web statistics purporting showing the number of
16    times various pages on defendant's websites have been visited since August, 2014.
17    However, defendant fails to lay any foundation for the evidence whatsoever.  Fed.
18    R. Evid. 901.  Ms. Carreon simply references the Exhibits in paragraph 47 of her
19    declaration without explaining:
20       - Where the evidence comes from;
         - Who compiled it;
21       - What it represents; and
         - Which parts of the undifferentiated mass of documents are relevant to the
22         discussion.
23    For example, in her deposition, Ms. Carreon testified that even when the Websites
24    were providing statistics, a certain number of hits had to occur *before the software*
25    *even provided a statistic*.  Carreon Dep., Cunningham Decl. in Support of
26    Summary Judgment, Dkt. # 163, Ex. 2 p. 36 l. 12 – p. 37 l. 1. Nowhere has
27    defendant provided any information regarding the threshold level to generate
28    statistics or how they could be verified.  Defendant cannot now competently

6

1    testify that the lack of a statistic means a lack of hits to the Websites.

2

3    2) Defendant produced Exhibits 7-8 to plaintiff *after the close of discovery and*
4    *only four days before plaintiff's Motion for Summary Judgment was due*. Plaintiff
5    promptly objected. Cunningham Decl. in Support of Reply ¶ 6 & Exs. 5-6.

6

7    3) Defendant produced Exhibits 7-8 to plaintiff after responding to interrogatories
8    by stating that no statistics were available, and after swearing under oath that no
9    statistics were available. Plaintiff's Statement of Facts, Dkt. # 161 fact 29.
10   Defendant did not dispute Statement of Fact 29.

11

12   4) Exhibit 6 appears to be a "summary" of exhibits 7-8. Exhibit 6 is inadmissible
13   for lack of foundation and because the underlying documents are inadmissible as
14   discussed above. *See* Fed. R. Evid. 1006. Nowhere does defendant explain where
15   the evidence comes from or who compiled it. Defendant has apparently made its
16   own chart that it now expects plaintiff and the court to blindly credit.
17   Furthermore, Ms. Carreon's opinion that the *only* "hits" on *The Golden Ass* stem
18   from her own work on the Websites is not substantiated.

7